UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT GERHARD and PATRICIA GECIK ) | Case Number |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALLIED INTERSTATE, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs, Brett Gerhard and Patricia Gecik by and through their undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiffs Brett Gerhard and Patricia Gecik, mother and son, are adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Plaintiff's reside here and Defendant transacts business in the Commonwealth of Pennsylvania.

### III.   PARTIES

4.   Plaintiffs, Brett Gerhard and Patricia Gecik, are adult natural persons residing at 32 Chestnut Street, Shillington, PA 19607.

5.   Defendant, Allied Interstate, Inc. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with an office address at 800 Interchange West, 435 Ford Road, Minneapolis, MN 55426.

6.   Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.   Beginning July 15, 2008, Plaintiffs Patricia Gecik and Brett Gerhard received telephone calls at their home from Defendant about an alleged debt owed by Brett Gerhard. Patricia Gecik explained that it was not her alleged debt but possibly that of her son, plaintiff, Brett Gerhard. Patricia Gecik requested that Defendant please stop calling. After numerous calls, Patricia Gecik and Brett Gerhard sent cease and desist letters dated November 12, 2008. See letters attached hereto and marked as "Exhibit A".

8.   Despite Mrs. Gecik's request to have Defendant stop calling her and her cease and desist letter dated November 12, 2008 (Exhibit A), Defendant telephoned Mrs. Gecik several times following November 12, 2008 and again on January 26, 2009 regarding Plaintiff, Brett Gerhard's alleged debt.

9. Besides the numerous telephone calls, Plaintiff, Brett Gerhard, received letters at his home stating that Defendant was going to start withholding money from his pay until the debt was paid off. Brett Gerhard then sent his own cease and desist letter dated November 12, 2008 asking Defendant to stop calling his house and his place of employment. See letter attached hereto and marked as "Exhibit A".

10. Despite Mr. Gerhard's letter dated November 12, 2008. An agent of Defendant called plaintiff Brett Gerhard at his place of work on December 2, 2008. Brett Gerhard then informed Defendant that he could not get these calls at work and to please stop calling. Once again, Mr. Gerhard sent the defendant's a cease and desist letter dated December 3, 2008. See letter attached hereto and marked as "Exhibit B".

11. On January 26, 2009, Plaintiff Patricia Gecik received a voicemail message from the Defendant to please call back to discuss Brett Gerhard's debt. Patricia Gecik called back Defendant. and spoke to a customer service representative who was extremely rude to her telling Patricia Gecik that her son owes an alleged debt. Patricia Gecik tried to explain that it was not her debt it was her son's debt. Patricia Gecik informed the woman on the phone that she and her son both sent cease and desist letters and Allied Interstate is still calling her. Patricia Gecik then verbally told the woman on the phone from Defendant to cease and desist yet again.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 - FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a

"debt" defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692 b(1), b(2), b(3), c(a)(1), c(a)(3), d, d(5), e, e(2), e(5), e(7), e(10) e(11), f, g and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allied Interstate for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

21. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

22. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

23. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

24. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

25. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

26. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

27. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

28. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

29. The foregoing paragraphs are incorporated herein by reference.

30. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

31. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

32. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

34. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

WHEREFORE Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

WARREN & VULLINGS, LLP

Date: February 5, 2009

BY: ___/s/Brent Vullings__
Brent Vullings, Esq.
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff